PRICE, Judge.
Plaintiff, Annie Duncan, brought this suit as Administratrix of the Succession of Gabe Lane, seeking to recover from the defendant, Maudine Minor, the sum of $1,000.00 alleged to be owed to the estate of the deceased as a result of the following events:
Gabe Lane, the father of plaintiff, was married to Mary Buford Lane, the grandmother of the defendant, in August, 1959. They were an aged couple and after the marriage resided in a house in Tallulah belonging to Mary Buford'Lane. This couple died within a few weeks of each other in the fall of 1967. It is alleged that a sum of $2,000.00 in cash, belonging to the community of acquets and gains existing between these parties, was kept on the premises in a sock placed in a black purse owned by Mary Buford Lane. On August 3, 1967, Mary Buford Lane was hospitalized with an illness which caused her death in the month of October. At this time Gabe Lane was bed ridden with the last illness (from which he died) on September 6, 1967. On the date when Mary Buford Lane was transported to the hospital, plaintiff alleges that defendant, Maudine Minor, came to the residence of Mary Buford Lane and made a search for the black purse containing the money belonging to her grandmother and Gabe Lane. Plaintiff further alleges that defendant found the purse, removed the money therefrom and took all but $195.00, which she gave to plaintiff. Plaintiff contends that the sum was equal to $2,000.00; that one-half of this sum belonged to the decedent, Gabe Lane, and that defendant is liable to the estate of Gabe Lane for an unlawful conversion of this amount.
Defendant filed an answer, denying that she took the sum of money, and, after a trial on the merits, the district judge rendered judgment in favor of defendant, rejecting plaintiff’s demands at her cost. From this judgment plaintiff has perfected this devolutive appeal.
There is no question or issue of law involved in this matter. It is clear that should plaintiff have borne the burden of proving defendant took a certain sum of money in which Gabe Lane owned an interest, as the administratrix of his succession she would have a right to a judgment against defendant for this amount as the result of an unlawful conversion. As the only issues decided by the trial judge were issues of fact, this court should not disturb his findings unless it is apparent that he committed manifest error in interpreting the evidence presented to him.
In his reasons for judgment dictated into the record, the judge of the trial court held that the plaintiff had proven the existence of a purse containing money that was apparently removed by someone, but that the evidence was insufficient to establish with any degree of certainty the amount of money taken by any particular individual. He pointed out that there were several persons who had knowledge of the existence of the purse and money and that all had free access to same.
*256 Plaintiff relied on the testimony of herself and one Clara Williams to establish that defendant came to the Lane house on the date of August 3rd and in their presence made a search for the black purse supposedly containing the money. They testified that she succeeded in finding the purse and then removed a quantity of money therefrom. They further testified that defendant gave the sum of $195.00 to plaintiff as Gabe Lane’s part and put the remainder in her bosom. Plaintiff then relies on the testimony of one Henry Kinsey to establish the amount of money taken. Kinsey testified that defendant' made a statement to him that the amount of money possessed by Gabe Lane was over $700.00. The other witnesses produced by plaintiff could add nothing to the proof of how much money was in the purse belonging to the deceased, Gabe and Mary Lane.
The defendant, Maudine Minor, testified that she did go to her grandmother’s house on the day that she took her to the hospital, but only for the purpose of locating her medicare card, which she believed to be in the black purse. She stated that on finding the black purse she found Gabe Lane’s billfold therein, removed it without looking at its contents and gave it to plaintiff. She testified that no other money was in the purse at that time. She admitted finding $53.00 under the mattress which she used to pay taxes and insurance premiums on the house for her grandmother. She denied having taken any other sum of money and denied the accuracy of the testimony of plaintiff’s witnesses.
The trial judge had the opportunity to weigh the credibility of the witnesses and concluded that plaintiff had not borne the burden of proving, with any degree of certainty, the amount taken or who took it. His finding is supported by the evidence and we, therefore, find no manifest error in his interpretation of the evidence.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.